CLEVELAND J. MARCEL, Sr., Judge Pro Tern.
Plaintiffs Edward L. Hubert and Donald Marshall instituted this class action against an unincorporated association, United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry, Local No. 60, New Orleans, Louisiana, to recover moneys deposited with Local 60 to be applied to their initiation fee should they become members. Defendants, Robert Jeager II, John L. Lemaire, Jr., Paul E. Fox, officers of Local 60, filed an Exception of Lack of Jurisdiction over the Subject Matter and the court dismissed plain *515 tiffs’ suit on that basis. Plaintiffs appealed, asserting that the National Labor Relations Act [(29 U.S.C. § 158(b)(1))] does not preclude a state court consideration of the contract rights of state citizens who are non-members of the union, but who have entered into an agreement with the union to become members.
Section 158 of the National Labor Relations Act provides in part as follows:
“(b) It shall be an unfair labor practice for a labor organization or its agents—
(1) to restrain or coerce (A) employees in the exercise of the rights guaranteed in section 157 of this title: Provided, That this paragraph shall not impair the right of a labor organization to prescribe its own rules with respect to the acquisition or retention of membership therein; * * * ”
Defendants argue that any consideration of the issues involved is reserved to the National Labor Relations Board. This court disagrees on the basis that the consideration by a state court of the rights available to all parties to the agreement will in no way “impair the right of a labor organization to prescribe its own rules.” The state court has jurisdiction to determine whether or not a relationship existed between plaintiffs and the union and if so, what rights are afforded plaintiffs under the agreement. Whether or not the rules of the union as written constitute “unfair labor practices” is a matter for the National Labor Relations Board; however, the legality of the union’s initiation rules are not in issue here. The sole issue to be determined here is whether or not plaintiffs, citizens of this state, can be heard in state court to complain that they have not been afforded the rights due them under their agreement with the union.
Under the rationale of the United States Supreme Court in International Association of Machinists v. Gonzales, 356 U.S. 617, 78 S.Ct. 923, 2 L.Ed.2d 1018 (1958), we find that the potential conflict with the National Labor Relations Board is:
“* * * too contingent, too remotely related to the public interest expressed in the Taft-Hartley Act, to justify depriving state courts of jurisdiction to vindicate the personal rights of an ousted union member. This is emphasized by the fact that the subject matter of the litigation in the present case, as the parties and the court conceived it, was the breach of a contract governing the relations between respondent and his unions. The suit did not purport to remedy or regulate union conduct . . .”
In Gonzales, the plaintiff was a union member who had been expelled; in the instant case, where the plaintiffs have not even achieved membership, we feel that the justification for state court jurisdiction is even stronger.
Accordingly, the judgment of the trial court dismissing plaintiffs’ suit for lack of jurisdiction under the subject matter is reversed and the matter is remanded for trial. All costs are to be borne by the ap-pellee.
Reversed and remanded.